Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK, U.S. DISTRICT COURT

FEB 6 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. GUERRERO<br><br>Plaintiff,<br><br>v.<br><br>DARYL F. GATES, ET AL.<br>Defendant. | NO. CV00-7165-GAF(AJWx)<br><br>Consolidated with CV00-7208-<br>GAF(AJWx)<br><br>**ORDER PERMITTING DEFENDANTS TO FILE MOTIONS FOR SUMMARY ADJUDICATION OF SECTION 1983 CLAIMS** |

The Court previously ordered the Los Angeles City Attorney's Office to identify all "Rampart-related" cases which have been brought by plaintiffs whose convictions have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphry, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Based on the City Attorney's representations, the Court ordered some plaintiffs to show cause why their section 1983 claims should not be dismissed under Heck and invited defendants to file responsive pleadings on the issue.

The Court has received responses to its order, and has, in a number of cases vacated the order where: (1) the case involved a claim of excessive force; (2) the claim did not call into question the validity of a criminal judgment; and (3) was filed within the



ENTERED ON ICMS
FEB - 6 2001

(40)

1  statute of limitations period. The remaining cases have raised issues that the Court
2  does not believe should be resolved through the OSC process. Accordingly, the Court
3  makes the following order.

4  I.   **Submission of Motions for Dismissal or Summary Adjudication**

5  The Court's prior Order staying all proceedings is lifted for the limited purpose of
6  allowing defendants to file motions to dismiss, or in the alternative, to summarily
7  adjudicate any section 1983 claim based on the rule announced in Heck. These
8  motions may address only section 1983 claims brought by plaintiffs whose convictions
9  have not been overturned and may present only the argument that section 1983
10 actions may not be maintained where the plaintiff's conviction has not been "reversed
11 on direct appeal, expunged by executive order, declared invalid by a state tribunal
12 authorized to make such determination, or called into question by a federal court's
13 issuance of a writ of habeas corpus." Heck, supra.

14 Filing of these motions is the only exception to the stay currently in place. No
15 other motions may be filed and no other case-related activities may proceed at this
16 time. The parties should note that this is not an order to file motions — the decision to
17 file rests with the defendants. This is an order *permitting* the filing of such motions on
18 the schedule established by the Court. The parties are relieved of any obligation to
19 comply with Local Rule 7.4.1.

20 II.  **Briefing Schedule**

21 All motions must be filed by **Friday, February 16, 2001**. Oppositions to such
22 motions must be filed no later than **Friday, March 2, 2001**. Defendants may file Reply
23 briefs on or before **Monday, March 12, 2001**. The Court will conduct a hearing on
24 such motions on **Monday, March 19, 2001** at 9:30 A.M.

25 III. **Evidence Set Forth in Briefs and Declarations**

26 Parties filing or responding to such motions need not file a "Statement of
27 Uncontroverted Facts and Conclusions of Law" or a "Statement of Genuine Issues of
28 Material Fact by Opposing Party" as required by Local Rule 7.14. Instead, the

following procedure applies: Immediately following the case caption, each motion shall contain a section entitled "Status of Conviction" indicating: (1) the crime the plaintiff was convicted of; (2) the date of the conviction; (3) the current status of the conviction (whether in force, reversed, expunged, declared invalid or other); and (4) whether the plaintiff is currently incarcerated pursuant to the conviction. In addition, all motions shall be accompanied by a declaration, made on personal knowledge, setting forth the same information and any additional information necessary to consideration of the motion. Defendants should attach copies of properly authenticated state court records evidencing the status of a conviction where available.

Oppositions shall include a similarly titled section at the beginning of the brief listing any disagreements the plaintiff has with the facts surrounding the conviction as set forth by the defendant. If the plaintiff disputes any of the information set forth in the "Status of Conviction" section of the motion, he or she shall submit a declaration, made on the basis of personal knowledge, indicating what information he or she believes is inaccurate.

## IV. Consolidated Motions

### A. Defendants Making Multiple Motions

Any defendant who wishes to move for dismissal or summary adjudication on Heck grounds in more than one lawsuit may file a single consolidated brief setting forth the grounds for dismissal of each plaintiff. For example, the City of Los Angeles may file a single consolidated brief for all of the plaintiffs it wishes to challenge on Heck grounds.

Consolidated briefs must include a caption sheet identifying the case name and number of each case in which a motion is being made and defendants filing such briefs must file an original and one copy for each case number. For example, if the City of Los Angeles files one consolidated brief regarding plaintiffs in five separate cases, the caption page must identify each case by name and number, and an original and one copy must be filed with the Court under each case number.

1  Consolidated briefs should begin with a separate "Status of Conviction" section
2  for each plaintiff followed by a single argument section applicable to all plaintiffs. This
3  procedure is optional and parties preferring to file separate motions in each case may
4  do so.

### B. Plaintiffs Opposing Multiple Motions

A plaintiff served with multiple motions may file a single consolidated opposition which includes a single section addressing the status of the plaintiff's conviction and a single argument section addressing all of the issues raised by all defendants. Plaintiffs who choose to file a consolidated opposition must file an original and one copy of the response for each case listed in the caption sheet. This procedure is optional and plaintiffs may file separate oppositions to each motion.

### C. Joinder by Defendants

Prior to submitting any motion, each defendant's counsel shall confer, either in person or by phone, to determine whether a single motion in which all other defendants join can be submitted.

### V. No Further Relief From Stay

This order partially lifts the stay in place as to all of the Rampart cases only to the extent described above. No other motions may be filed and no other case-related activities may proceed at this time.

IT IS SO ORDERED.

DATED: February 6, 2001

*[signature]*

Judge Gary Allen Feess
United States District Court

- 4 -